# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SATURNINO Z. VAZQUEZ,<br><br>Plaintiff,<br><br>v.<br><br>FERRARA CANDY COMPANY and<br>THOMAS P. POLKE,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 1:14-cv-04233<br>)<br>)<br>)<br>)<br>)<br>) |

### DECLARATION OF JAMES J. CONVERY

James J. Convery, under penalty of perjury, states the following:

1. I am an attorney of record in the instant matter on behalf of the Defendants, Ferrara Candy Company and Thomas P. Polke, and I have personal knowledge of the facts contained in this Declaration.

2. On September 30, 2014, I submitted answers and objections to Plaintiff's First Set of Interrogatories and First Requests for Production of Documents. Along with those responses, I included documents Bates-labeled Ferrara 067 through Ferrara 962. I had previously provided Plaintiff with documents labeled Ferrara 001 through Ferrara 066, prior to September 30, 2014.

3. On December 31, 2014, following discovery conferences with Plaintiff's counsel, I provided supplemental information on behalf of the Defendants. This included documents Bates-labeled Ferrara 965 through Ferrara 1132. The supplemental production responses included providing Plaintiff with random samplings of employee time records for a number of years. These included time records for the Panning Department for the first quarter of 2006, time records for the Packaging Department for the second quarter of 2007, time records for the Starch/Mogul Department for the third quarter of 2009, as well as time records for the Quality

Department for the fourth quarter 2011. The sampling of records included approximately four (4) employees from each shift for the respective departments. This was a supplementation to previously provide detailed records for Ferrara Sanitation Department employees where the Plaintiff was assigned. See also attached Exhibits A and B, David Stevens correspondence to James J. Convery dated October 16, 2014 and Convery correspondence to David Stevens dated December 31, 2014.

4. On January 20, 2015, the parties discussed the terms of electronic searches for documents, which information was subsequently produced to Plaintiff's counsel. (See attached Ex. C)

5. On October 12, 2015, additional documents were provided to Plaintiff Bates-labeled Ferrara 1133 through Ferrara 1187 which included a revised Employee Handbook, in response to a request from Plaintiff's counsel. I was copied on the e-mail containing the attachment sent to the Plaintiff's attorneys.

6. On October 13, 2015, a supplemental attendance policy was provided to Plaintiff's attorneys Bates-labeled Ferrara 1188 through Ferrara 1190, in response to a request from Plaintiff's counsel. I was also copied on an e-mail sent to Plaintiff's counsel containing those Bates-labeled copies.

7. On November 16, 2015, Plaintiff's counsel, Valentin Narveaz, had requested additional pay records for four (4) additional employees for different time periods.

8. On December 10, 2015, I e-mailed copies of documents Bates-labeled Ferrara 1191 through Ferrara 1241 to Mr. Narveaz. A true and accurate copy of the e-mail correspondence is attached hereto as Convery Dec. Ex. D.

9. Defendant's counsel has responded to Plaintiff's counsel regarding each and every request for discovery made by Plaintiff in this case.

James J. Convery declares under penalty of perjury and the provisions of 28 U.S.C. § 1746, that the above statements are true and correct.

/s/James J. Convery
James J. Convery

Dated: February 25, 2016

# Stevens Law, LLC
Employment Litigation and Counseling

53 West Jackson Blvd, Suite 205, Chicago, Illinois 60604   Phone | 312.624.8958  Fax | 312-566-9015

October 16, 2014

*Via Electronic Mail*
James J. Convery
Laner, Mutchin, Dombrow, Becker,
   Levin, and Tominberg, Ltd.
515 N. State Street, Suite 2800
Chicago, IL 60654

Re:   *Vazquez v. Ferrara*, No. 14-cv-4233

Dear Mr. Convery:

We have reviewed Defendants' responses to Plaintiff's First Set of Interrogatories and Plaintiff's First Request for the Production of Documents. We believe that some of Defendants' responses are deficient. I ask that we schedule a conference, pursuant to Local Rule 37.2, within the next seven business days so that we can discuss the issues raised herein.

## General Issues

### "Will Produce" Documents

In response to many of Plaintiff's Requests for Documents, as well as in response to a few of Plaintiff's Interrogatories, Defendants state that they "will produce" responsive documents. It is unclear, however, whether the documents produced on compact disc on October 1, 2014 are the full volume of documents Defendants intended to produce, or whether a subsequent document production is still forthcoming. Please clarify whether Defendants are continuing to search for documents, or are in possession of documents that they intend to produce, but have not yet produced.

### IWPCA Statute of Limitations

Defendants have generally objected to producing *any* time and payroll documents for any person beyond the three-year statute of limitations under the IMWL. This includes the Named Plaintiff, for whom no documents were produced going back farther than three (3) years, despite the fact that Plaintiff was employed by Defendants dating back to the 1980's. Because the IWPCA carries a ten (10) years limitations period, Plaintiff is entitled to review time and


EXHIBIT
CONVERY DEC.
A

James J. Convery<br>
October 16, 2014<br>
Page 2

payroll documents for himself and the putative class throughout the scope of the limitations period. Plaintiff will require this information to demonstrate numerosity, commonality, and typicality in his forthcoming motion for class certification.

At this stage of the litigation, prior to the certification of a class, Plaintiff is willing to review smaller samples of time and payroll data throughout the class period – for example, subsets of individual years for members of the putative class. We will be prepared to discuss an appropriate scope of sampling during our Rule 37.2 conference. In the alternative, Plaintiff is willing to review the full scope of documents at your office or on Defendants' premises.

### "Similar Employees"

Defendants generally object to Plaintiff's definition of "similar employees," and thus have produced only documents for Plaintiff and other members of Defendants' sanitation department. Defendants further state that "Plaintiff has not identified with any specificity the nature of any alleged impropriety by Defendants." As I explained to you after our last court appearance, the nature of Plaintiff's claims are that Plaintiff and other similarly situated persons were not compensated for all of the hours that they performed work for Defendants. Emblematic of these claims are the time records produced by Defendants showing that Plaintiff and other putative class members' time records were consistently rounded, at times in excess of twenty-five to thirty minutes per shift.

We further understand that during this pre-shift time Plaintiff and other putative class members were required to perform duties, including but not limited to changing into work uniforms, preparing equipment, and sanitizing. Those duties were performed, at a minimum, by members of the following departments for Defendants: Molding, Packing, Shipping, Sanitation, Production, Maintenance, and Laboratory. To the extent that Defendants rounded time for members of other departments that wore uniforms and performed other pre-shift duties, those employees would also be part of Plaintiff's putative class.

### **Defendants' Responses to Plaintiff's Interrogatories**

#### Interrogatory No. 3

Plaintiff's Interrogatory No. 3 asks that Defendants identify the job duties and responsibilities of Plaintiff and other Similar Employees. Defendants object, and state that they will not produce information for "Similar Employees," nor will Defendant provide any information for the full IWPCA Class Period. Defendants produced job descriptions for Plaintiff and other sanitation employees, only.

As explained above, Plaintiff's putative class extends beyond Defendants' sanitation department. We ask that Defendants produce job descriptions for any other department that was subject to Defendants' time-rounding practices, including Molding, Packing, Shipping,

James J. Convery
October 16, 2014
Page 3

Production, Maintenance, and Laboratory. To the extent that job descriptions exist for the sanitation department and other departments subject to the time-rounding practices, the time period between 2004 and 2011, we ask Defendants produce those job descriptions as well.

### Interrogatory No. 5 / Document Request No. 3

Plaintiff's Interrogatory No. 5, and its corresponding Document Request No. 3, ask that Defendants produce time and payroll records for Plaintiff and Similar Employees during the IWPCA Class Period. Defendants produced only time records for Plaintiff and members of the sanitation department for the last three (3) years. Defendants refused to produce pay records responsive to subparagraphs (f) through (n), stating that "they go to damage calculations and no class has been certified."

As noted above, Plaintiffs are willing to review a subset of exemplar time records for Plaintiff and other Similar Employees for the time period between June 9, 2004 and 2011. We ask that all time records be produced for employees of any other department that was subject to Defendants' time-rounding practices for the time period between 2011 and 2014.

As discovery in this case has not been bifurcated, we expect that, should a class be certified, Defendants will supplement its response to this interrogatory to include the full scope of time and payroll documents for the class. If Defendants intend to oppose such production in the future, please tell us now, so that we can move the Court to compel the full production of time and payroll records prior to the close of fact discovery on December 31.

Finally, Defendants produced these records in hard-copy form. Is Defendants' timekeeping system capable of exporting such records in an electronic (.xls, .csv, .txt) format? If the system is capable of such output, we ask that these records be produced in electronic form.

## Defendants' Responses to Plaintiff's Requests for Production

### Document Request No. 2

Document Request No. 2 asks that Defendants produce a class list, showing "all persons who were paid in the same or similar manner as Plaintiff or who perform the same or similar job duties that Plaintiff performed during the IWPCA Class Period."

Defendants produced a class list of employees employed by Defendants in the sanitation department in the last three years. We ask that Defendants produce a class list identifying all "Similar Employees," as that term is clarified above, for the time period between 2004 and the present.

James J. Convery
October 16, 2014
Page 4

### Document Request No. 4

This request asks Defendants to produce all documents that may show time worked by Plaintiff or other Similar Employees, including timesheets, schedules, security logs, security badge records, door swipe records, or card access data.

Defendants produced only time records for Plaintiff and other sanitation department employees for the time period between 2012 and 2014. It is unclear from Defendant's objection whether other such records, such as door swipe records, card access records, and timesheets exist, or whether Defendants have produced all records of this nature for Plaintiff and members of the sanitation department. Please clarify whether other records of this sort exist, and if they do, please produce them for Plaintiff and all Similar Employees.

### Document Request No. 10

This request asks for all training materials used in training Plaintiff and other Similar Employees concerning the conduct of their jobs, including timekeeping. Defendants state that they will produce responsive documents, to the extent that they exist. If Defendants have produced documents that they believe are responsive to this request, we ask that Defendants specify which documents they are referring to.

### Document Request No. 17

This request seeks e-mails containing any of the following thirteen (13) search terms: ""unpaid"; "overtime"; "hours"; "meal"; "rest"; "lunch"; "off the clock"; "donning"; "doffing"; "uniforms"; "changing clothes"; "starting time"; or "adjust." Defendants have produced *no* electronic mails at all in response to this request, stating that "the Request is not narrowly confined to be reasonable for purposes of electronic discovery. We will be prepared to discuss a narrowing of these search terms, or the temporal scope of the request, during our Rule 37.2 conference.

### Document Request No. 18

This request seeks all documents relating to Defendants' practice and policy on meal and rest breaks. Defendants state that they will produce responsive documents. Please identify the documents that Defendants have produced that are responsive to this request.

### Document Request No. 19

This request seeks communications sent by Defendants' corporate offices or anyone else regarding any wage and hour matters, including but not limited to timekeeping, unpaid wages, or overtime. Defendants have produced no documents, contending that this request was overly broad and unduly burdensome. To narrow this request, we ask that Defendants produce any written communications created by Defendants' officers, managers, or supervisors, as those

James J. Convery
October 16, 2014
Page 5

communications relate to timekeeping, unpaid wages, or overtime, for the time period between June 9, 2004 and the present. Please produce responsive documents.

### Document Request No. 20

This request asks Defendants to produce documents relating to questionnaires, surveys, investigations, or requests for information sent to Similar Employees regarding any wage and hour matters, including timekeeping, unpaid wages, or overtime. Defendants again object that this request is overly broad and unduly burdensome. To narrow this request, we ask that Defendants identify whether they performed any surveys, investigations, or other inquiries relating to timekeeping or overtime to Similar Employees, as that term is narrowed herein, during the time period between June 9, 2004 and the present. In the event that Defendant has performed any such inquiries, we ask that Defendants identify and produce responsive documents.

### Document Request No. 24

This request seeks documents relating to Defendants' time clock or other electronic timekeeping system(s), including any manuals relating to any such device(s). Defendants object to this request on the grounds that it is irrelevant, stating the "particular operations relating to Defendant's time clock or other electronic time keeping systems are not identified as having any particular issue in Plaintiff's claims." We disagree.

This case is about, among other things, the fact that time is being automatically rounded. Plaintiff is entitled to see whether that automatic rounding is a function of, or programmed into, Defendants' electronic time systems, or whether that rounding is being performed manually by Defendants' employees. Please produce responsive documents.

Please let me know when you are available to hold a conference pursuant to Local Rule 37.2 regarding these discovery responses by Monday, October 20th.

Very truly yours,

David E. Stevens

cc: Antonio Caldarone
    Adam Dayan
    Valentin T. Narvaez
    Raisa Alicea



*The Workplace Intelligence Firm*<sup>SM</sup>

December 31, 2014

*Writer's Direct Dial:* (312) 494-5355

**VIA E-MAIL (stevensde@gmail.com) & OVERNIGHT MAIL**

Mr. David E. Stevens
Consumer Law Group, LLC
6232 N. Pulaski, Suite 200
Chicago, Illinois 60646

    Re:    <u>Saturnino Z. Vazquez v. Ferrara Candy Company, et al.</u>
                Case No. 1:14-cv-04233

Dear Dave:

    I apologize for the delay in providing you additional responsive information. As we discussed, my contact at the client has since left the Company and it has taken some additional time to gather responsive information.

    I am enclosing for you in the attached disk the following documents: job descriptions for the various positions in the Panning, Packaging, Quality, Starch-Mogul and Sanitation departments. Those are marked Ferrara 965 through Ferrara 1028. I have also enclosed a printout of an Acumen "pay rules" document (Ferrara 1029).

    I also had the client pull random samplings of employee time records over the years. Enclosed you will find limited records for the first quarter 2006 for the Panning department. The records are very limited because that was approximately the time frame when Acumen started being used. In addition, I have included samples of time records for the Packaging department for the second quarter of 2007, the Starch-Mogul department for the third quarter of 2009 and the Quality department for the fourth quarter 2011. These quarters were randomly selected and the employees were picked by virtue of those at the beginning of the alphabet and at the end, with samples from both shifts. The sampling includes approximately four employees from each shift (with the exception of the Panning department). These documents are bates-labeled Ferrara 1030

Laner Muchin, Ltd.
515 North State Street, Suite 2800 Chicago, Illinois 60654-4688
Phone 312.467.9800 Fax 312.467.9479 www.lanermuchin.com



**LANER MUCHIN**<sup>SM</sup>
The Workplace Intelligence Firm<sup>SM</sup>

Mr. David E. Stevens
December 31, 2014
Page 2

through Ferrara 1132. I previously provided to you more detailed records of the Sanitation department where the Plaintiff worked. After you have had a chance to review the documents, please call me to discuss any open issues.

Very truly yours,

James J. Convery

JJC:lc
Enclosures
cc: Valentine Narvaez (w/o enclosures)
      Antonio Caldarone (w/o enclosures)

**Convery, Jim**

**From:** Caldarone, Antonio
**Sent:** Tuesday, January 20, 2015 11:48 AM
**To:** David Stevens (Dave@stevenslawllc.com)
**Cc:** Convery, Jim
**Subject:** Vazquez v. Ferrara - E-mails

Dave,

This will confirm our telephone conversation regarding the search and production of e-mails for certain custodians and the e-mail search terms agreed upon by the parties. We will conduct an initial search to see how many "hits" we get for each custodian and each search term, provide that information to you and we can decide if it is necessary to narrow either the custodians or the search terms (or produce the files)

Time period: June 9, 2011 to the present (we will conduct this time period first to see the number of hits and we can revisit after we get an initial idea of how many e-mails are captured by the search).

To the extent possible, we will produce e-mails electronically on a .pst file or an equivalent. If it is a file other than .pst, we will let you know before we produce it.

<u>Names of custodians:</u>
Angie Castejon, Director of Human Resources
Elena Aliaga, HR Manager at Forest Park
Matthew Bird, HR Generalist at Forest Park
Luis Navarro, Sanitation Supervisor at Forest Park
Martha Villasenior, Sanitation Supervisor at Forest Park
Kim Schilling, Payroll Manager at Forest Park
We are also going to add the names of the supervisors of the following departments who were employed during the aforementioned time period at the Forest Park facility: Panning, Packaging, Quality, and Starch-Mogul.

<u>The agreed-upon search terms are as follows:</u>
"unpaid"
"overtime"
"hours"
"off the clock"
"donning"
"doffing"
"uniforms"
"change AND clothes"
"start AND time"
"adjust AND time"
"adjust AND hour"

Please confirm if this e-mail accurately reflects our conversation yesterday.

Thanks,

Antonio


EXHIBIT C

**Antonio Caldarone**
Laner Muchin, Ltd.
515 North State Street
Suite 2800
Chicago, IL 60654
Tel: (312) 467-9800
Fax: (312) 467-9479
E-mail: acaldarone@lanermuchin.com



This transmission may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or use of the information contained herein (including any reliance thereon) is STRICTLY PROHIBITED. If you received this transmission in error, please contact the sender and delete the material from any computer immediately. Thank you.

2

# Convery, Jim

**From:** Convery, Jim
**Sent:** Thursday, December 10, 2015 7:33 AM
**To:** 'vnarvaez@yourclg.com'
**Cc:** Caldarone, Antonio (acaldarone@lanermuchin.com); 'abindra@prinz-lawfirm.com'; 'kprinz@prinz-lawfirm.com'
**Subject:** FW: Ferrara Discovery
**Attachments:** Ferrara_1.pdf

Valentin, these docs were mailed out yesterday. I thought they had been emailed as well. Nevertheless here they are.

Jim

*This transmission may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or use of the information contained herein (including any reliance thereon) is STRICTLY PROHIBITED.*

*If you received this transmission in error, please contact the sender and delete the material from any computer immediately. Thank you.*

*James J. Convery*
*Laner Muchin, Ltd.*
*515 N. State Street*
*Chicago, Illinois 60654-4688*
*(312) 467 9800*
*Fax (312) 467 9479*
*Jconvery@lanermuchin.com*

*If you need to send me attachments click here to upload them to me, thanks.*

---

**From:** "Valentin T. Narvaez" <vnarvaez@yourclg.com>
**Date:** December 9, 2015 at 6:03:38 PM CST
**To:** "acaldarone@lanermuchin.com" <acaldarone@lanermuchin.com>
**Cc:** "Amit Bindra (abindra@prinz-lawfirm.com)" <abindra@prinz-lawfirm.com>, "kprinz@prinz-lawfirm.com" <kprinz@prinz-lawfirm.com>
**Subject: Ferrara Discovery**

Antonio, can you please provide me an eta on the additional discovery that I requested by email on 11/16/2015? As a reminder, I seek the pay records for Jose Morales (10/01/11 to 12/31/11), Antonio De La Paz (07/01/09 to 09/28/09), Maria Arcos (04/01/07 to 06/30/07), and Velma Kindred (01/01/14 to 03/31/14). The records requested correspond to the time period in exhibits 15 through 18 of Angie Castrejon's deposition. Please advise.

**Valentin T. Narvaez, Esq.**
SENIOR COUNSEL
Direct: 312. 878.1302


EXHIBIT
Convery Dec.
D

1

Fax: 888. 270. 8983
www.yourclg.com

<image001.jpg>

**NOTICE: This communication and any attachments are protected by Federal Rules of Evidence, Rule 408.**

This communication is also covered by the Electronic Communications Privacy Act, 18 U.S.C. et. seq., and is intended to remain confidential and is subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and all attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.